The Honorable C.W. Croft Osceola County Sheriff 400 Simpson Road Kissimmee, Florida 34744-4455
Dear Sheriff Croft:
You ask substantially the following questions:
1. Is the sheriff liable for negligent retention and for future actions of an employee who was terminated, but reinstated by the county career service appeals board?
2. Is the career service appeals board by its action liable for the actions of the reinstated employee?
3. Must bond be maintained on an employee reinstated to a position requiring bond?
In sum:
1. The sheriff remains liable for the actions of deputies and employees performed within the scope of their duties and employment.
2. Any liability on behalf of the career service appeals board for its reinstatement of a terminated deputy or employee of the sheriff's department would be a judicial determination based upon the facts of a particular case.
3. It would appear that bond would be required for a reinstated employee who must be bonded in order to perform duties of the sheriff's department.
QUESTIONS ONE AND TWO
The career service provisions for appointed deputy sheriffs and nonappointed members of the Osceola County Sheriff's Office were created by Chapter 89-516, Laws of Florida.[1] The act requires the appointment of a Career Service Appeals Board (board) for the purpose of hearing appeals of career service members arising from disciplinary actions brought under the sheriff's rules, procedures, or policies.
The board shall, by majority vote, dispose of the appeal by making findings of fact and issuing a written decision to the sheriff and the appellant. Such decision must either sustain or overturn the sheriff. In the event the action is not sustained, the board must offer appropriate remedial action, which may include reinstatement with or without back pay or modification of the action. The board, however, may not impose a penalty more harsh than that which was the basis for the appeal. The act states that "[t]he decision of the board shall be final and binding on the appellant and the sheriff."[2] (e.s.)
While section 30.53, Florida Statutes, preserves the independence of the sheriff in the selection of personnel and the hiring, firing, and setting of salaries of such personnel, it provides that "nothing herein contained shall restrict the establishment or operation of any civil service system or civil service board created pursuant to s. 14, Art. III, of the Constitution of Florida. . . ." Thus, a determination by the Career Service Appeals Board controls the future retention of an employee who has successfully appealed the sheriff's final decision of termination.
Section 30.07, Florida Statutes, provides:
Sheriffs may appoint deputies to act under them who shall have the same power as the sheriff appointing them, and default of whom in the execution of their office the sheriff shall be responsible. (e.s.)
Clearly, the sheriff is responsible for the actions of his deputies. In the case of employees of the sheriff's department, it would appear that the rules of an employer and employee relationship would make the sheriff liable for the wrongful or negligent acts of such employees committed within the scope of their employment. There is nothing in the act that would relieve the sheriff of such liability for deputies or employees who are reinstated by the Career Service Appeals Board. Thus, the sheriff is responsible for the acts of reinstated employees.
The board's action in reversing the decision of the sheriff in the dismissal of an employee is an administrative procedure authorized under the act and would not, therefore, support a claim of negligent retention against the sheriff. Any liability of the career service appeals board in exonerating and reinstating an employee who subsequently commits wrongful or negligent acts, is a judicial determination that may not be made by this office.
QUESTION THREE
Section 30.09, Florida Statutes, requires deputies to
give bond in the penal sum of $1,000, payable to the Governor of Florida and his successors in office, with two or more good and sufficient sureties, to be approved by the board of county commissioners and filed with the clerk of the circuit court, which bond shall be conditioned upon the faithful performance of the duties of his office. No deputy sheriff shall be allowed to perform any services as such deputy until he shall subscribe to the oath now prescribed for sheriffs and until the approval of his bond. The aforesaid sureties shall be liable for all fines and amercements imposed upon their principal.
Chapter 30, Florida Statutes, does not address the requirement of bond for anyone other than the sheriff and his deputies. To the extent there is a requirement that an employee be bonded in order to work for the department, I have found nothing that would alter that requirement for an employee who has been dismissed by the sheriff, but subsequently reinstated by the Career Service Appeals Board. Thus, it would appear that bond would be required on a reinstated employee who must be bonded in order to perform duties for the sheriff's department.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 1, Chapter 89-516, Laws of Florida, excludes from the act: the sheriff; those above the rank of lieutenant; special deputies appointed pursuant to section 30.09(4), Florida Statutes; members of the sheriff's reserve, auxiliary, posse units, volunteers, task force members, and individuals appointed as part-time deputies, as defined by the Criminal Justice Standards and Training Commission.
[2] Section 4(3)(e), Chapter 89-516, Laws of Florida.